IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| **Lendlease (US) Construction, Inc. f/k/a Bovis Lend Lease, Inc. n/k/a Lendlease,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CNA Insurance Group, Nationwide Insurance Company, Lloyd's of London, Atain Insurance Companies f/k/a USF Insurance Company, National Trust Insurance Company, First Financial Insurance Company, Penn America Insurance Company, Aspen Specialty Insurance Company, United National Insurance Company, James River Insurance Company, Princeton Express & Surplus Lines Insurance Company, Starstone National Insurance Company f/k/a Torus Specialty Company,**<br><br>      **Defendants.** | Case No.: 4:19-cv-00959-RBH<br><br>**DEFENDANT FIRST FINANCIAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED AMENDED COMPLAINT**<br><br><br>**(JURY TRIAL DEMANDED)** |

  **COMES NOW** the Defendant, First Financial Insurance Company, by and through its undersigned attorneys, answering the Amended Amended Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

  1. Each and every allegation of the Plaintiff's Amended Complaint not specifically admitted herein is denied.

  2. Upon information and belief, paragraphs 1 and 2 of the Amended Complaint state no allegations against First Financial Insurance Company ("First Financial") and no response is

1

required. To the extent these paragraphs may be construed to assert any allegations against First Financial, Paragraphs 1 and 2 are denied and First Financial demands strict proof thereof.

3. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 3, 4, 5, 6, 7, and 8 and thereby denies the same.

4. Admits so much of paragraph 9 that alleges Defendant First Financial is an Illinois corporation and that First Financial is qualified to do business in the State of South Carolina. First Financial further admits that it provides liability insurance coverage to residents, citizens, and businesses in South Carolina. The remaining allegations of paragraph 9 are denied.

5. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 10, 11, 12, 13, and 14, including all subparts, and thereby denies the same.

6. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 15, 16, and 17, including all subparts, and thereby denies the same.

7. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 18 through 27, including all subparts, and thereby denies the same and demands strict proof thereof.

8. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 28 through 34, including all subparts, and thereby denies the same and demands strict proof thereof.

9. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 35 through 50, including all subparts, and thereby denies the same and demands strict proof thereof.

10.     Regarding Paragraphs 51 through 52, Defendant craves reference to the terms of the cited documents. To the extent Paragraphs 51 and 52 make allegations inconsistent with the terms thereof, denied.

11.     Regarding Paragraph 53, Defendant craves reference to any documents from Lendlease regarding the alleged tender. To the extent the allegations of Paragraph 53 are inconsistent with the terms thereof, denied. Further, to the extent any additional allegations against First Financial are alleged in this paragraph, denied.

12.     Regarding Paragraph 54, Defendant craves reference to any documents regarding the alleged disclaimed obligation. To the extent the allegations of Paragraph 54 are inconsistent with the terms thereof, denied. Further, to the extent any additional allegations against First Financial are alleged in this paragraph, denied.

13.     Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 55 through 110, including any and all subparts, and thereby denies the same and demands strict proof thereof.

14.     Denies the allegations of Paragraphs 111 through 117 and demands strict proof thereof.

15.     Denies the allegations of Paragraphs 118 through 124 and demands strict proof thereof.

16.     Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 125 through 138, including any and all subparts, and thereby denies the same and demands strict proof thereof.

17. Denies any allegations contained in the Amended Complaint's "WHEREFORE" paragraph, including any and all subparts.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

18. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

19. The Defendant would show that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Waiver and Estoppel)

20. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

21. The Defendant would show that Plaintiff's Amended Complaint is barred by the doctrine of waiver and estoppel.

## FOR A FOURTH DEFENSE
### (Laches)

22. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

23. Plaintiff's claims are barred by one or more of the doctrines of laches.

## FOR A FIFTH DEFENSE
### (Unclean Hands)

24. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

25. The Defendant would show, upon information and belief, that Plaintiff's claims are barred by the doctrine of unclean hands.

## FOR A SIXTH DEFENSE
### (Reasonable Grounds for Denial)

26. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

27. Defendant may have reasonable grounds for denying coverage in this case based upon the insurance contract referenced by Plaintiff, including applicable policy provisions, coverages and exclusions, to the extent any such policy existed.

## FOR A SEVENTH DEFENSE

28. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

29. The Defendant craves referenced to any and all insurance policies applicable hereto and such terms and conditions as contained therein.

30. Defendant may have reasonable grounds for denying coverage in this case based upon the insurance contract referenced by Plaintiff, including applicable policy provisions, coverages and exclusions, to the extent any such policy existed.

## FOR AN EIGHTH DEFENSE

31. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

32. Plaintiff is not entitled to recover sums that do not fall within the Insuring Agreement of any alleged policy.

### FOR A NINTH DEFENSE

33. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

34. Plaintiff is not entitled to recover sums beyond the limits of insurance contained in any alleged Policy.

### FOR A TENTH DEFENSE

35. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

36. Any alleged policy and coverage provided by First Financial's policy would be governed by the policy's terms, provisions, conditions, exceptions, exclusions, and limitations, and Plaintiff is not entitled to anything not specifically required by the terms of any alleged policy.

### FOR AN ELEVENTH DEFENSE

37. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

38. Plaintiff and/or its alleged subcontractor(s) failed to perform the obligations under any alleged First Financial policy.

### FOR A TWELFTH DEFENSE

39. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

40.   Plaintiff's claims are barred by "other insurance" clauses in any alleged Policy.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Amended Complaint be dismissed with costs, for attorneys' fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Mark S. Barrow
Mark S. Barrow Fed. I.D. No.:  1220
Brandon R. Gottschall Fed. I.D. No.: 12201
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT FIRST FINANCIAL INSURANCE COMPANY**

Columbia, South Carolina

May 17, 2019